DETROIT-PONTIAC INVESTMENT CO. *v.* HEITSCH.

LANDLORD AND TENANT—PARTIAL EVICTION—ACTION FOR RENT—SET-OFF.

> In action of assumpsit to recover rent under a lease for second story of a building, record *held,* insufficient to sustain lessee's claims of partial eviction and set-off based on contention that part of rent paid by other tenants of the building was for space occupied by lessee or that lessor attempted to exercise any control over the second story.

Appeal from Oakland; George (Fred W.), J., presiding. Submitted October 6, 1936. (Docket No. 4, Calendar No. 38,400.) Decided December 9, 1936.

Assumpsit by Detroit-Pontiac Investment Company, a Michigan corporation, against Robert D. Heitsch for sums due under a written lease. Judgment for plaintiff. Defendant appeals. Affirmed.

*Butzel, Levin & Winston* (*Morris W. Stein,* of counsel), for plaintiff.

*William A. Ewart,* for defendant.

FEAD, J. In November, 1927, plaintiff leased to defendant the entire second floor of a building "subject to month to month tenancy of the present occupants," to whom plaintiff gave written notice of the lease and advice that they must arrange with defendant for further occupancy. Defendant's lease terminated in October, 1929, and this action was

brought to recover the last four months' rent. Plaintiff had judgment on trial before the court.

Among the tenants so notified were V. L. Adams, a news dealer, and R. A. Monteith, a milliner, who occupied space on the first floor and used rooms on the second floor in connection therewith. After the lease to defendant, plaintiff continued to collect from such tenants the same rent it had charged them before such letting to defendant.

From the latter fact alone defendant contends that plaintiff continued to collect rent from Adams and Monteith for second floor occupancy; that such collection amounted to a partial eviction of defendant which exempted him from the payment of rent; and also that it entitled him to a set-off in the amount of the rental value of the second floor space occupied by Adams and Monteith, on the theory of money had and received by plaintiff for defendant's benefit.

Defendant's contention may be attacked from several sides, but it is sufficient to note that the record does not indicate that, after the lease to defendant, any part of the rent paid by Adams and Monteith to plaintiff represented use of second floor space nor that plaintiff attempted to exercise any control over the second story.

Affirmed, with costs.

North, C. J., and Wiest, Bushnell, Sharpe, and Toy, JJ., concurred. Potter and Butzel, JJ., did not sit.